**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALFONSO FRANK GOMEZ,

                Petitioner - Appellant,

   v.

G. J. GIURBINO,

                Respondent - Appellee.

No. 07-55504

D.C. No. CV-04-00035-JVS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted November 5, 2010[**]
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and SEABRIGHT, District Judge.[***]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]    The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

Appellant Alfonso Frank Gomez (Gomez) challenges the district court's denial of his habeas petition. Gomez contends that his constitutional rights to free speech, trial by jury, and due process were violated when the trial court failed to instruct the jury on what types of speech may be lawfully prohibited as a "challenge to fight" under California Penal Code § 415(1). Gomez also asserts an ineffective assistance of counsel claim based on his counsel's failure to object to the instruction given.

1.     Because there is no reasoned state court decision addressing Gomez's jury instruction challenge, we conduct an independent review to determine if the claim has merit. *See Matylinsky v. Budge*, 577 F.3d 1083, 1090 (9th Cir. 2009).

Gomez asserts that his due process rights were violated by the trial court's failure to instruct the jury regarding the First Amendment implications of the language that preceded the shootings. Essentially, Gomez seeks to bring his case within the "fighting words" cases that focus on whether certain language is inherently likely to provoke a violent reaction. *See e.g., Cohen v. California*, 403 U.S. 15, 20 (1971). The focus of those cases is the degree of permitted restriction on a speaker who is trying to communicate an idea to the public. *See id.* at 19-20. In contrast, the California statute referenced in the instructions addressed a direct

2

challenge to fight, *see Chaplinsky v. New Hampshire*, 315 U.S. 568, 573 (1942); *see also* Cal. Penal Code § 415(1), as opposed to language likely to provoke a violent reaction in the First Amendment context of trying to communicate an idea to the public.

The instruction given tracked the language of the referenced California statute. Because there is no First Amendment right to directly challenge another to fight, Gomez was not entitled to a First Amendment instruction. *See United States v. Fejes*, 232 F.3d 696, 702 (9th Cir. 2000) ("A defendant is entitled to have the judge instruct the jury on his theory of defense provided that it is supported by law and has some foundation in the evidence.") (citation and alteration omitted).

**2.** Because Gomez was not entitled to a "fighting words" instruction, his claim that his counsel was ineffective for failing to object to the instruction similarly fails. *See Gonzales v. Knowles*, 515 F. 3d 1006, 1017 (9th Cir. 2008) ("[C]ounsel cannot be deemed ineffective for failing to raise this meritless claim.") (citation omitted).

**3.** We do not address Gomez's uncertified claims, because he failed to "make a substantial showing of the denial of a constitutional right to warrant a certificate of appealability." *Rhoades v. Henry*, 598 F.3d 511, 518 (9th Cir. 2010).

**AFFIRMED.**